J-S19008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCO MALDONADO | : | |
| | : | |
| Appellant | : | No. 1174 EDA 2017 |
| | : | |

Appeal from the PCRA Order March 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0221851-1993

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 18, 2018**

Appellant, Marco Maldonado, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

On October 5, 1993, [Appellant] pled guilty to second degree murder following the trial court's denial of his motion to suppress evidence and the Commonwealth's agreement not to pursue capital murder charges. The Honorable Francis Biunno sentenced him to life imprisonment that same day. No direct appeal followed.

[Appellant] filed his first PCRA, counseled, on February 21, 1995. An evidentiary hearing was held on August 3, 1995 where trial counsel testified. [Appellant] was to testify at a future hearing; however, due to a series of delays, [Appellant's] PCRA petition was not addressed until February 5, 2002, when new counsel requested that the evidentiary hearing be completed. The

_____

* Retired Senior Judge assigned to the Superior Court.

petition was dismissed on July 15, 2004. A subsequent appeal was affirmed by the Pennsylvania Superior Court on April 14, 2005.[2]

> [2] ***Commonwealth v. Maldonado***, 876 A.2d 466 (Pa. Super. 2005) (unpublished memorandum).

The instant petition was filed on November 5, 2009, followed by several amended petitions dated December 2, 2010, August 12, 2011, April 5, 2012, January 16, 2015, April 13, 2016 and August 29, 2016. Pursuant to Pa.R.Crim.P. 907, this court sent a notice of intent to dismiss the petition as untimely without exception on February 7, 2017. In response to this court's 907 notice, [Appellant] filed another petition on February 13, 2017. This court formally dismissed the [November 5, 2009] petition on March 31, 2017.[3] [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on April 5, 2017.

> [3] The order was issued more than twenty days after [Appellant] was served with notice of the forthcoming dismissal of his Post-Conviction Relief Act petition. Pa.R.Crim.P. 907.

PCRA Court Opinion, 6/5/17, at 1-2.

Appellant presents the following issues for our review:

1. Whether PCRA Court erred when it dismissed the PCRA petition as untimely when there was government interference with the presentment of the prison visitor's log book for a Commonwealth v. Brooks, 839 A.2d 245, 576 Pa. 332 (Pa.2003) claim?

2. Whether PCRA court erred when it dismissed Appellant's PCRA petition as untimely when the prison visitor's log book became available as a newly discovered fact pursuant to Commonwealth v. Bennett, 930 A.2d 1264, 593 Pa. 382 (Pa.2007) and Commonwealth v. Burton, No.9 WAP 2016[?]

3. Whether PCRA Court erred when it failed to grant a new trial and recognize the Brooks claim independently from Appellant's previous ineffective assistance of counsel claim as it was not presented on previously litigated evidence?

4. Whether PCRA Court erred when it failed to review Appellant's fraud on the court claim perpetrated by court-appointed trial counsel, Jeffrey Kolansky, in the form of testimony at Appellant's prior evidentiary hearing?

5. Whether PCRA Court erred when it dismissed the PCRA petition as untimely when newly discovered facts were presented in the form of police misconduct and multi-witness identifications of the actual perpetrator of the murder for which Appellant was convicted?

6. Whether PCRA Court erred when it dismissed Appellant's PCRA petition without the material facts being heard and reviewed at an evidentiary hearing pursuant to Pa. R.Crim.P. 908(A)(2)?

Appellant's Brief at 2-3.[1]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***

The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203

---

[1] We note that Appellant has failed to comply with Pennsylvania Rule of Appellate Procedure 2119(a). Appellant did not divide the lengthy argument section of his brief in coordination with his statement of questions involved. Accordingly, our appellate review of Appellant's claim has been substantially hampered. Thus, we could dismiss Appellant's appeal on this basis. Pa.R.A.P. 2101. Despite the brief's defects, however, we address Appellant's claims to the extent we can discern his arguments.

(Pa. 2000)). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Hernandez*, 79 A.3d 649, 651-652 (Pa. Super. 2013).

Our review of the record reflects that Appellant's judgment of sentence became final on November 4, 1993, thirty days after his sentence was imposed and the time for filing a direct appeal with this Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on November 5, 2009, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.

---

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

§ 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

In an attempt to overcome the PCRA time bar, Appellant makes multiple claims under these three exceptions. In his first claim, Appellant argues that he has met the governmental interference exception under 42 Pa.C.S. § 9545(b)(1)(i). Specifically, Appellant maintains that between February 25, 1997, and April 16, 2002, Appellant attempted to present a copy of the prison visitor's log book during the proceeding on his first PCRA petition. Appellant's Brief at 14-15. Appellant contends that his counsel at the time was advised that the log book was destroyed. *Id.* at 15. Appellant maintains that "[t]his information interfered with Appellant's right to present claims and evidence for PCRA relief." *Id.* at 16. Appellant further avers that "It was not until November 29, 2008, did the Brooks[3] and fraud on the court claims become ripe for PCRA review when investigator Wayne Schmidt forwarded a copy of the log book to Appellant." *Id.* at 17.

By Appellant's own assertion, the investigator "forwarded a copy of the log book to Appellant" on November 29, 2008. Appellant's Brief at 17. Appellant filed the instant PCRA petition on November 5, 2009. Thus,

---

[3] *Brooks* essentially announced the minimum action required by counsel to provide what is deemed constitutionally effective representation in capital cases: counsel must conduct at least one face-to-face meeting with his client. *Brooks*, 839 A.2d at 249-250.

Appellant failed to file the petition within sixty days of the date that he could have asserted the exception. 42 Pa.C.S. § 9545 (b)(2). Accordingly, Appellant fails to establish the government-interference exception.

In his second claim, Appellant seeks to invoke the newly discovered-facts exception to the PCRA time bar. Appellant states that the visitor's log book was not public, and therefore, when it was reported that it had been destroyed, Appellant had no reason to further attempt to locate it. Appellant's Brief at 18. Appellant contends: "On November 29, 2008, when Appellant received a copy of the log book from investigator Wayne Schmidt, its existence became a newly discovered fact that was unknown to him." *Id.* at 19.

Again, Appellant maintains that he received a copy of the log book on November 29, 2008. As noted, Appellant did not file the instant PCRA petition until November 5, 2009. Thus, Appellant failed to file the petition within sixty days of the date upon which he could have asserted the exception. 42 Pa.C.S. § 9545(b)(2). Accordingly, Appellant has failed to establish this exception to the PCRA time bar.

We address Appellant's third and fourth issues together. In his third issue, Appellant argues that the "PCRA court erred when it failed to grant a new trial and recognize the Brooks claim independently from Appellant's previous ineffective assistance of counsel claim as it was not presented on the previously litigated evidence[.]" Appellant's Brief at 2. In his fourth issue, Appellant asserts that the "PCRA court erred when it failed to review

Appellant's fraud on the court claim perpetrated by court-appointed trial counsel, Jeffrey Kolansky, in the form of testimony at Appellant's prior evidentiary hearing[.]" *Id.* at 3. As outlined above, Appellant's instant petition is untimely. In neither of these claims does Appellant assert one of the three limited exceptions to the PCRA time-bar. Accordingly, we lack jurisdiction to review these claims. *Taylor*, 933 A.2d at 1038.

In his fifth issue, Appellant maintains that the PCRA court erred when it dismissed his PCRA petition as untimely because "newly discovered facts were presented in the form of police misconduct and multi-witness identifications of the actual perpetrator of the murder for which Appellant was convicted[.]" Appellant's Brief at 3. In these claims, Appellant attempts to invoke the exception at 42 Pa.C.S. § 9545(b)(1)(ii). *Id.* at 17-23. In support of this issue, Appellant makes multiple assertions. First, he asserts that Detective Michael Cahill, who had been an investigator in his case, was guilty of misconduct. *Id.* at 26-27. Appellant asserts that "Homicide detective Michael Cahill #830 has an established pattern of foul play and fabricated an alleged confession while Appellant was severely intoxicated." *Id.* at 43-44. Appellant maintains that he discovered this information when, "Mr. Giovanni Reid [("Reid")], another SCI-Graterford resident, informed Appellant that he possessed material facts of Cahill's misconduct on December 1, 2008, in the institution's Maintenance corridor." *Id.* at 26. Appellant further avers that "[o]n December 8, 2008, [Reid] provided Appellant with a copy of a transcript,

affidavit, and letter that verified Detective Michael Cahill's unauthorized visit to Tennessee in order to threaten  . . . a favorable witness to Mr. Reid's case." *Id.* at 19-20.

This Court has set forth the following in considering an exception to the PCRA time-bar under the newly discovered-facts exception:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (internal citations omitted).[4]

We conclude that Appellant has failed to meet the requirements for the newly discovered-facts exception regarding Detective Cahill.  Initially, review of the information obtained from Reid regarding Detective Cahill's actions reveals that the alleged misconduct was in a case unrelated to Appellant's.

---

[4] This Court has addressed the distinction between the newly discovered-facts exception to the time-bar and the substantive claim of after-discovered evidence recognized by the PCRA. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) ("The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the 'after-discovered evidence' exception.  This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.' . . . Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim.").

Thus, the information is irrelevant to Appellant's case and does not establish any "newly-discovered facts" as related to Appellant's case. Furthermore, we cannot agree that one report pertaining to Detective Cahill in an unrelated case establishes a pattern of misconduct.

Moreover, presuming *arguendo* that the information was relevant, Appellant did not file the petition within the time required in order to invoke the exception. 42 Pa.C.S. § 9545(b)(2). Appellant asserts that he first learned of this information regarding Detective Cahill from Reid on December 1, 2008, and then on December 8, 2008, he received from Reid documentation supporting this information. Appellant's Brief at 19, 21, and 26. Appellant further avers that he received a copy of the report from Reid on October 22, 2010. *Id.* at 20. Appellant maintains that his receipt of the documentation prompted him to file an amendment on December 2, 2010, and thus, he timely invoked the exception. Appellant was first made aware of this information, however, on December 1, 2008. Appellant filed his PCRA petition on November 5, 2009, and the amendment on December 2, 2010. Because Appellant did not file a petition within sixty days of the date upon which the petition first could have been filed, here December 1, 2008, when he first received this information from Reid regarding Detective Cahill, Appellant has not met the requirements of the exception.

Additionally, Appellant failed to establish that he acted with due diligence in obtaining the information he submitted in his supplemental PCRA

petition on December 2, 2010. As noted, Appellant maintains that on December 1, 2008, Reid made him aware of Detective Cahill's history of misconduct in an unrelated case. Supplemental Exhibit for Motion for Post Conviction Relief Dated 11/5/2009, 12/2/01, at 1. Appellant further states that on October 22, 2010, Reid informed Appellant that he had in his possession an internal affairs report finding Detective Cahill "guilty of misconduct in another unrelated homicide case . . . . [Appellant] was furnished with a copy of the internal affairs report on October 23, 2010." *Id.* at 2. By Appellant's own admission, he was made aware of the alleged relevant information related to Detective Cahill on December 1, 2008, yet he took no action to obtain any documentation or evidence related to this information; he simply waited until he was provided a copy of the internal affairs report by Reid on October 23, 2010. Again, the information provided to Appellant on October 23, 2010, was the same information provided to him on December 1, 2008. We cannot conclude that Appellant acted with due diligence in his attempts to obtain the information related to Detective Cahill that he asserts he did not receive until October 23, 2010. *Monaco*, 996 A.2d at 1080. Thus, Appellant has failed to establish the newly discovered-facts exception regarding his claim as it relates to Detective Cahill.

Also in his fifth issue, Appellant asserts that he has satisfied the newly discovered-facts exception by submitting affidavits of Justino Sanchez ("Sanchez") and Frank Lowry ("Lowry"). Appellant attached an "affidavit"

from Sanchez to his amended PCRA petition filed January 16, 2015. Affidavit of Justino Sanchez and Supplement to Amended Petition for Post Conviction Relief Pursuant to the [PCRA], and Consolidated Memorandum of Law, 1/16/15, at 2. The "affidavit" appears to be signed by Sanchez, but is not dated or notarized. *Id.* The affidavit asserts that Sanchez has personal information that Appellant was not guilty of the murder of which he was convicted, and in fact, that Sanchez knows the true perpetrator, who was his brother, Nestor Romero. *Id.*[5] On August 29, 2016, Appellant also filed an amendment to his PCRA petition and attached to it a Certification of Witnesses pursuant to 42 Pa.C.S. § 9545(d)(1). Appellant included Appellant's personal information and a summary of Sanchez's proposed testimony in the Certification, asserting that Sanchez would testify that Nestor Sanchez[6] was responsible for the murder. In his brief, Appellant asserts that on November 22, 2014, Sanchez told Appellant that Sanchez's brother had committed the murder. Appellant's Brief at 29.

Section 9545(d)(1) provides as follows:

> Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended

---

[5] Sanchez's "affidavit" asserts that the perpetrator of the murder, Nestor Romero, died in a motorcycle accident in 2011.

[6] This name is different than the name used in Sanchez's "affidavit," which indicated that Nestor Romero was the perpetrator. Affidavit of Justino Sanchez and Supplement to Amended Petition for Post Conviction Relief Pursuant to the [PCRA], and Consolidated Memorandum of Law, 1/16/15, at 2.

witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d)(1). Additionally, Pa.R.Crim.P. 902(A)(15) provides:

"The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony."

In interpreting these provisions, this Court has concluded that a sworn affidavit is not necessary to secure a hearing, and we observed:

the notes from the legislative history pertaining to the enactment of this statutory section indicate that the legislature expressly considered the question of whether a PCRA petitioner would be required to obtain a sworn or notarized statement from a proposed witness in order to have the witness testify at an evidentiary hearing. A principal architect of the 1995 Legislative Amendments to the PCRA, Senator Stewart Greenleaf, spoke on this question as follows:

In addition, when we held the hearing there was concern about the fact that when you file a petition, we want to make sure that it is a meritorious petition, we do not want to have a frivolous petition, that there are some witnesses that would be available to testify, so the original bill required that each witness had to sign a statement and have a notarized, sworn statement at the end of the statement indicating that this was a true and correct representation of what he would testify to at the coming collateral hearing. There were objections to that, feeling that that was too onerous to require a defendant to go out and obtained notarized statements from all of his witnesses, some of which would be hostile witnesses, and I agreed with that.

So as a result, this amendment allows a defendant to merely present a summary of the statement so we know generally what that witness is going to say and merely sign a certification. Either the witness, his attorney, the defendant's attorney, or the

- 13 -

petitioner himself, the defendant himself can sign a certification saying to his best knowledge that this was an accurate statement of what the witness would testify to. So I think it is an effort, again, not to take anyone's rights away from him but also to help that defendant in the processing of his appeal and hopefully to make it easier for him to obtain a hearing, which we want him to obtain.

Pa. Senate Journal, 1st Spec. Sess., June 13, 1995, at 217.

*Commonwealth v. Brown*, 767 A.2d 576, 582–583 (Pa. Super. 2001). The *Brown* panel then stated, "consistent with this express legislative intent, we hold that Appellant was not required to attach sworn affidavits to his PCRA petition in support of his request for an evidentiary hearing." *Id.* at 583. The Court further explained, "Nevertheless, . . . in order to have witnesses testify at an evidentiary hearing, [the a]ppellant was required to provide a signed certification as to each witness." *Id.* at 583. Additionally, "the certification requirement can be met by an attorney or *pro se* petitioner certifying what the witness will testify regarding." *Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa. 2014). *Brown*, 767 A.2d at 583; 42 Pa.C.S. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15).

Thus, an affidavit for Sanchez was not necessary to support Appellant's request for an evidentiary hearing. Accordingly, it was of no consequence that Sanchez's "affidavit" was not dated or notarized. Appellant did need to support his request for an evidentiary hearing, however, with a Certification of Witnesses, pursuant to Section 9545(d)(1). Appellant filed the Certification of Witnesses on August 29, 2016, as an amendment to his PCRA petition.

Appellant asserted in his brief that he learned from Sanchez on November 22, 2014, that Sanchez's brother, Nestor Sanchez, was responsible for the victim's murder. Appellant's Brief at 21. Appellant failed to file this amendment certifying Sanchez as a witness within sixty days of the date on which he could have filed his petition. 42 Pa.C.S. § 9545(b)(2). Therefore, Appellant has failed to meet the requirements for the newly discovered-facts exception to the PCRA time bar.

Appellant also filed an amended PCRA petition on April 13, 2016. Appellant attached to that petition an alleged affidavit from Frank Lowry. Amended PCRA Petition, 4/13/16, at 8. In the affidavit, Lowry asserts that on February 21, 2016, he met with Appellant and told him that Nestor Sanchez had confessed to Lowry that Nestor Sanchez had committed the murder at issue in this case. *Id.* The statement appeared to be signed by Frank Lowry, but was not notarized or dated. Appellant also certified Lowry as a witness in his amended PCRA petition filed August 29, 2016. Motion for Leave to Supplement Affidavits of Mr. Justino Sanchez and Mr. Frank Lowry with Certification of D.O.B.'s, Addresses, and Content of their Testimony, 8/29/16, at 2. In his Certification, Appellant asserts that Lowry would testify that Nestor Sanchez admitted to Lowry that he had murdered the victim. *Id.*

As stated previously in discussion of Sanchez's "affidavit", an affidavit for Lowry was not necessary to support Appellant's request for an evidentiary hearing. Accordingly, it was of no consequence that Lowry's "affidavit" was

- 15 -

not dated or notarized. Section 9545(d)(1), however, requires the Certification of Witnesses to be provided when a petitioner requests an evidentiary hearing. Appellant filed the Certification of Witnesses on August 29, 2016, as an amendment to his PCRA petition, but in Lowry's affidavit and Appellant's brief, it is asserted that Lowry revealed to Appellant that Nestor Sanchez was the perpetrator of the victim's murder on February 21, 2016. Thus, Appellant failed to file this amendment within sixty days of the date on which he could have filed his petition. 42 Pa.C.S. § 9545(b)(2). Appellant has failed to meet the requirements for the newly-discovered facts exception to the PCRA time bar.

In his sixth issue, Appellant argues that the PCRA court erred when it dismissed his PCRA petition without "the material facts being heard and reviewed at an evidentiary hearing pursuant to Pa.R.Crim.P. 908(A)(2)." Appellant's Brief at 3. The PCRA court may dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). **Commonwealth v Johnson**, 139 A.3d 1257, 1273 (Pa. 2016). As discussed above, Appellant's petition is patently untimely, and he has failed to satisfy any of the three time exceptions to that time bar. Because Appellant's petition is untimely, no legitimate purpose would have been served by any further proceedings. Accordingly,

- 16 -

the PCRA court did not err in dismissing his petition without a hearing. *Johnson*, 139 A.3d at 1273.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18